Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN MACDONALD, individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION COMPLAINT** |
| *Plaintiff*, | **DEMAND FOR JURY TRIAL** |
| *v.* | |
| WEST CAPITAL LENDING, INC., a California company, | |
| *Defendant.* | |

Plaintiff Darren MacDonald ("Plaintiff MacDonald" or "MacDonald") brings this Class Action Complaint and Demand for Jury Trial against Defendant, West Capital Lending, Inc., ("Defendant" or "West Capital") to stop the Defendant from violating the Telephone Consumer Protection Act by sending of telemarketing text messages to telephone numbers registered on the Do Not Call Registry without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff MacDonald, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to

all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.     Plaintiff Darren MacDonald is a resident of Scottsdale, Arizona.

2.     Defendant West Capital Lending, Inc., is a California corporation headquartered in Irvine, California. Defendant West Capital conducts business throughout this District and California.

## JURISDICTION AND VENUE

3.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.     This Court has personal jurisdiction over the Defendant because the Defendant resides in this District and the wrongful conduct giving rise to this case was directed to the Plaintiff by the Defendant from this District.

## INTRODUCTION

5.     As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress

have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful robocalling technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.1 billion robocalls were placed in November 2021 alone, at a rate of 137.4 million per day. www.robocallindex.com (last visited December 8, 2021).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14.     Defendant West Capital is a mortgage brokerage company that provides financial services to consumers across the U.S.[3]

15.     Defendant West Capital sends telemarketing text messages to solicit their services to consumers across the U.S.

16.     In response to these text messages, Plaintiff brings this case seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act by failing to maintain adequate policies and procedures

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/west-capital-lending-inc/about/

for maintaining and honoring do not contact requests, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF MACDONALD' ALLEGATIONS

17.     Plaintiff MacDonald is the subscriber and the sole user of the phone number ending with xxx-xxx-5850.

18.     Plaintiff MacDonald registered his phone number on the DNC on August 27, 2003, for the express purpose that he would not receive unsolicited calls or text messages.

19.     Plaintiff MacDonald's number is not held out to the public in connection with a business and is used primarily for personal purposes.

20.     In November 2021, Plaintiff MacDonald started receiving unsolicited telemarketing text messages from Defendant, using the phone number 949-979-5801, offering a loan refinancing.

21.     On November 16, 2021, at 1:12 PM, Plaintiff MacDonald received the following solicitation text message from Defendant West Capital, using the phone number 949-979-5801:

22.   On November 17, 2021, at 1:10 PM, Plaintiff MacDonald received another solicitation text message from Defendant West Capital using the same phone number as before, 949-979-5801:

23.    On November 18, 2021, at 1:15 PM, Plaintiff MacDonald received another solicitation text message from Defendant West Capital using the same phone number as before, 949-979-5801:



24.    On November 22, 2021, at 1:03 PM, Plaintiff MacDonald received yet another solicitation text message from Defendant West Capital using the same phone number as before, 949-979-5801:

+1 (949) 979-5801 ›

no longer want to hear
from me.

Today 1:03 PM

Hi again. Wanted to
reach out one last
time. Reply YES if you
would like a free no
obligation quote.
- Garrett Bray @ West
Capital Lending.
If you don't want to
hear from me
anymore, just reply
stop and I will. Thanks.

25.    The unauthorized solicitations that Plaintiff received from Defendant, as alleged herein, have harmed Plaintiff MacDonald in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

26.    Seeking redress for these injuries, Plaintiff MacDonald, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

27.     Plaintiff MacDonald brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**<u>Do Not Call Registry Class:</u>** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

28.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff MacDonald anticipates the need to amend the Class definitions following appropriate discovery.

29.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received text

messages as part of the same telemarketing campaign resulting in text messages sent to other Class members.

30.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)    whether Defendant's agents systematically sent, or caused to be sent, multiple text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to send the texts;

(b)    whether the text messages to Plaintiff and other consumers were sent for telemarketing purposes;

(c)    whether the conduct constitutes a violation of the TCPA; and

(d)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31.    **Adequate Representation**: Plaintiff MacDonald will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff MacDonald has no interests antagonistic to those of the Class, and Defendant have no defenses unique to

Plaintiff. Plaintiff MacDonald and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff MacDonald nor his counsel have any interest adverse to the Class.

32.    **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff MacDonald. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff MacDonald and the Do Not Call Registry Class)

33.     Plaintiff repeats and realleges paragraphs 1 through 32 of this Complaint and incorporates them by reference herein.

34.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

35.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

36.     Defendant violated 47 C.F.R. § 64.1200(c) by causing to be initiated telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive

telephone solicitations that is maintained by the federal government.

37.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

38.     As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

39.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MacDonald individually and on behalf of the Class, prays for the following relief:

a.) An order certifying this case as a class action on behalf of the Class as defined  above; appointing Plaintiff MacDonald as the representative of the Class; and appointing his attorneys as Class Counsel;

b.) An award of damages and costs;

c.) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d.) An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e.) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff MacDonald requests a jury trial.

**DARREN MACDONALD**, individually and on behalf of all others similarly situated,

DATED this 9th day of March, 2022.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*